# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-60439
Summary Calendar

———————————

Alba Aracely Amaya-Hernandez; Jefferson Josael Luna-Amaya,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 752 921,
A208 752 922

———————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Alba Aracely Amaya-Hernandez and her minor son, both natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial by the immigration judge of her application for asylum, withholding of removal, and

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60439

relief under the Convention against Torture (CAT).[1]  We review denials of asylum, withholding, and CAT claims for substantial evidence.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, we may not disturb the BIA's decision unless the evidence "compels" a contrary conclusion.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  We consider the IJ's decision only insofar as it influences the BIA.  *Id.*

Amaya-Hernandez points to no record evidence undermining the agency's conclusion that her assailants' motive was to obtain information regarding murder of a state prosecutor and they thus targeted Amaya-Hernandez only as a means to that end, unrelated to her family membership.  The evidence thus does not compel a conclusion contrary to the agency's determination that her nuclear family membership was not "one central reason" for the incident.  § 1158(b)(1)(B)(i); *see Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Orellana-Monson*, 685 F.3d at 518.  A nexus between the harm and a protected ground is an essential element of asylum and withholding claims.  *See Vazquez-Guerra*, 7 F.4th at 269.  We therefore do not consider Amaya-Hernandez's contentions that the attack on her constituted persecution, that her assailants were police officers, that her particular social group is cognizable, and that she faces future persecution.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We likewise do not consider Amaya-Hernandez's assertion that, as to withholding, the BIA erred by failing to shift the burden to the Government to show "a fundamental change in circumstances in El Salvador or that relocation would be reasonable."  *See Bagamasbad*, 429 U.S. at 25.  Because Amaya-Hernandez failed to establish eligibility for asylum, she necessarily

---

[1] Because Amaya-Hernandez's minor son is a rider on and derivative beneficiary of his mother's application for relief, we refer herein only to Amaya-Hernandez.

also cannot meet the requirements for withholding of removal. *See Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021); *Orellana-Monson*, 685 F.3d at 518.

As to CAT relief, Amaya-Hernandez's conclusory and unsupported assertions fail to compel a conclusion contrary to that of the BIA on the question whether she more likely than not will be tortured with governmental acquiescence if repatriated. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Because Amaya-Hernandez failed to show the requisite state acquiescence or involvement, the BIA did not need to address the likelihood of harm rising to the level of torture. *See Bagamasbad*, 429 U.S. at 25.

The petition for review is DENIED.